The Honorable Timothy W. Dore
Chapter 13
Hearing Location: Telephonic
Hearing Date: April 21, 2021
Hearing Time: 09:30 A.M.
Response Date: April 14, 2021

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

| | |
|---|---|
| In Re:<br><br>**Kurt G VanDyke,**<br>**Michelle E VanDyke,**<br><br>Debtors. | Case No.: 16-13111-TWD<br><br>CHAPTER 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Comes now, BSI Financial Services ("Loan Servicer") servicer for U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, its successors and/or assignees ("Creditor")'s motion seeking Relief form the Automatic Stay (the "Motion") for Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

////

////

///

Motion for Relief– Page 1

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

# I. RELEVANT FACTS

On or about April 11, 2005, Kurt Van Dyke ("Borrower") executed a note in favor of Bank of America, N.A. in the original principal amount of $174,503.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as **10128 16th Avenue South, Seattle, Washington 98168** (the "Property").

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtor filed for protection under Chapter 13 of Title 11 of the United States Code on June 09, 2016.

On June 09, 2016, Debtors, Kurt G VanDyke and Michelle E VanDyke ("Debtors") filed a petition under Chapter 13 of the United States Bankruptcy code, Petition 16-13111-TWD (the "Instant Petition").

At the time of filing of the bankruptcy case, Debtor was indebted to Creditor for a total claim of $83,137.34 with pre-petition arrears in the amount of $3,710.15. Post-petition monthly payments are in the amount of $720.76.

Debtor has defaulted post-petition for payments due on or after January 01, 2020. As of the date of this motion, the total post-petition default is itemized as follows:

| | |
|---|---|
| 5 payments (01/01/2020-05/01/2020) @ $796.87 each | = $3,984.35 |
| 10 payments (06/01/2020-03/01/2021) @ $812.61 each | = $8,126.10 |
| Attorney's Fees and costs | = $1,238.00 |
| Suspense : | = ( $790.62) |
| TOTAL | $12,557.83 |

The principal balance on the loan is $74,150.94. The total payoff for the loan as of March 23, 2021 is $80,984.94

///

Motion for Relief– Page 2

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 16-13111-TWD    Doc 100    Filed 03/31/21    Ent. 03/31/21 09:05:48    Pg. 2 of 4

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case as bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the motion.

### B. Cause Exists to Grant Relief

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. The Debtor has fallen post-petition delinquent on mortgage payments to Movant. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. *In re Trident Corp.*, 19 BR 956, 958 (Bankr. E.D. Pa. 1982), *aff'd* 22 BR 491 (Bankr. E.D. Pa. 1982) citing *In re Hinkle*, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also *In re Jones*, 189 BR 13, 15 (Bankr. E.D. Okla. 1995) citing *Hinkle*, 14 BR at 204. The Debtor's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

## III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay
2. Alternatively, for an Order requiring adequate protection of Movant's interest in the property.
3. For waiver of the 14 day stay.
4. For such other relief as the Court deems proper.

Motion for Relief– Page 3

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 16-13111-TWD    Doc 100    Filed 03/31/21    Ent. 03/31/21 09:05:48    Pg. 3 of 4

| | |
|---|---|
| 1 | |
| 2 | Dated: March 31, 2021            Respectfully Submitted, |
| 3 |                                           GHIDOTTI BERGER, LLP |

Dated: March 31, 2021                   Respectfully Submitted,

GHIDOTTI BERGER, LLP

*/s/ Erica Loftis*
Erica Loftis, Esq. (44308)
Counsel for Movant

Motion for Relief– Page 4

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 16-13111-TWD    Doc 100    Filed 03/31/21    Ent. 03/31/21 09:05:48    Pg. 4 of 4