**Below is the Order of the Court.**



**Timothy W. Dore
U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

---

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: **16-13111-TWD** |
| Kurt G VanDyke<br>Michelle E VanDyke, | CHAPTER 13 |
| Debtors. | **AGREED ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Based upon the Agreement of BSI Financial Services ("Loan Servicer") servicer for U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, its successors and/or assigns ("Creditor")(collectively known as "Secured Creditor") and Debtors, Kurt G VanDyke and Michelle E VanDyke, ("Debtors") by and through their respective counsel, NOW, IT IS HEREBY ORDERED, as follows:

1. This Order resolves Secured Creditor's Motion for Relief from Stay filed on March 31, 2021 (as docket entry 100) regarding the real property commonly known as 10128 16th Avenue South, Seattle, Washington 98168 (the "Property").

AGREED ORDER ON MOTION FOR RELIEF
FROM AUTOMATIC STAY - 1

GHIDOTTI | BERGER LLP
144 Railroad Ave., Ste. 236
Edmonds, WA 98020-4100

Case 16-13111-TWD    Doc 114    Filed 08/12/21    Ent. 08/12/21 16:45:34    Pg. 1 of 3

2. Debtors acknowledge the loan was in post-petition default at the time the Motion for Relief ("Motion") was filed and remains in default, though in an amount different from the filed Motion given passage of time and disbursements made by the Trustee.

3. As the operative Chapter 13 plan provides for both pre-petition and post-petition payments to be disbursed through the Chapter 13 Trustee ("conduit"), post-petition defaults existing will be repaid through the remaining months of the plan.

4. Debtors shall continue to tender their monthly plan payment to the Chapter 13 Trustee timely and in an amount equal to or greater that required by the operative Chapter 13 Plan.

5. Nothing in this Agreed Order shall prejudice any party to propose and/or bring a motion compelling an amended plan, if necessary to cure remaining arrears due.

6. While the Parties are still discussing the most recent Notice of Payment Change, filed May 7, 2021, nothing in this Agreed Order shall prejudice Debtors' rights and abilities to contest the filed Notice(s) of Payment Change.

7. In the event Debtors fail to timely tender their monthly plan payment to the Chapter 13 Trustee, Secured Creditor shall notify Debtors and Debtors' counsel of the default in writing. Debtors shall have fifteen (15) calendar days from the date of the written notification to cure the default.

8. If Debtors fail to timely cure the default, or if the Debtors default on the obligations causing a written of notice of default to be issued on more than three (3) occasions, Secured Creditor shall be entitled to file a Declaration of Default and an Order Terminating Automatic Stay.

/ / / End of Order / / /

AGREED ORDER ON MOTION FOR RELIEF
FROM AUTOMATIC STAY - 2

GHIDOTTI | BERGER LLP
144 Railroad Ave., Ste. 236
Edmonds, WA 98020-4100

Case 16-13111-TWD    Doc 114    Filed 08/12/21    Ent. 08/12/21 16:45:34    Pg. 2 of 3

Presented by:

Dated: August 11, 2021          GHIDOTTI BERGER, LLP

                                           */s/ Erica Loftis*
                                           Erica Taylor Loftis, Esq.
                                           Counsel for Movant

Dated: August 11, 2021          SHUFFIELD BANKRUPTCY LAW

                                           */s/ Rochelle Shuffield*
                                           Rochelle Shuffield, Esq.
                                           Counsel for Debtors

AGREED ORDER ON MOTION FOR RELIEF          GHIDOTTI | BERGER LLP
FROM AUTOMATIC STAY - 3                            144 Railroad Ave., Ste. 236
                                                                         Edmonds, WA 98020-4100

Case 16-13111-TWD   Doc 114   Filed 08/12/21   Ent. 08/12/21 16:45:34   Pg. 3 of 3