1    Erica Loftis Pacheco, Esq. WSBA #44308
     GHIDOTTI BERGER, LLP
2    144 Railroad Ave., Ste. 236
     Edmonds, WA 98020-4100
3    Ph:  (206) 331-3280
4    Fax: (949) 427-2732
     bknotifications@ghidottiberger.com
5
6    Attorney for Secured Creditor
     U.S. Bank Trust, N.A., as Trustee of the SCIG Series III Trust
7

8              UNITED STATES BANKRUPTCY COURT
9        WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION
10

11   In Re:                              )    CASE NO.:  16-13111-TWD
                                         )
12      Kurt G VanDyke                    )    CHAPTER 13
        and Michelle E VanDyke,          )
13                                        )    **RESPONSE TO OBJECTION TO**
14                                        )    **NOTICE OF MORTGAGE**
        Debtors.                          )    **PAYMENT CHANGE**
15                                        )
                                         )    _Hearing_**:**
16                                        )    Date:   10/20/2021
17                                        )    Time:   9:30 A.M.
                                         )
18                                        )    Judge: Timothy W. Dore
19                                        )
20                                        )
21                                        )
22                                        )
23                                        )
                                         )
24                                        )

25           TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:
26
27           U.S. Bank Trust, N.A. as Trustee of the SCIG Series III Trust with BSI Financial

28   Services as servicer, ("Secured Creditor") in the above-entitled Bankruptcy proceeding,

hereby submits the following Opposition to Objection to Notice of Mortgage Payment Change ("Objection") filed by Debtors, Kurt and Michelle VanDyke ("Debtors') as docket entry 115.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about April 11, 2005, Debtor Kurt VanDyke executed a Promissory Note in the original principal amount of $174,503.00, which was secured by an agreed first priority Deed of Trust encumbering the real property commonly known as 10128 16th Avenue South, Seattle WA 98168 (the "Property"). As reflected in the filed Proof of Claim, at the time of bankruptcy filing, Debtor owed a total balance of $83,137.34 with $3,710.15 in prepetition arrearages. *See* Claim 9-1. The ongoing monthly mortgage payment at the time of filing was $720.76. *Id*.

On September 16, 2016, the Court entered its Order Confirming Chapter 13 Plan, pursuant to which Debtor's Amended Plan, docket entry 27 (the "Plan"). The Plan provided for the Trustee to make ongoing monthly mortgage payments as well as cure payments on the mortgage loan. The Plan also authorized the Trustee to "increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes."

On December 28, 2016, Debtors filed an Amended Plan, docket entry 35, which did not alter the treatment of the mortgage claim. On March 10, 2017, the Court entered its Order Approving Post-Confirmation Modification of Plan, docket entry 46.

On June 1, 2017, Secured Creditor's predecessor in interest and original claimant, Bayview Loan Servicing, LLC, filed a Notice of Mortgage Payment Change reflecting an increase in escrow from $276.97 to $301.41. The Escrow Analysis included was based in part on Hazard Insurance in the amount of $803.00.

On May 22, 2018, a Transfer of Claim was filed evidencing the transfer from predecessor and original claimant, Bayview Loan Servicing LLC, to Secured Creditor. The new servicer of the loan was identified as BSI Financial Services ("BSI").

On May 30, 2018, Debtors filed an Amended Plan, docket entry 60, which did not alter the treatment of the mortgage claim other than increasing the amount of the ongoing monthly payment to the amount identified in the Payment Change Notice filed on June 1, 2017. On July 16, 2018, the Court entered its Order Approving Post-Confirmation Modification of Plan, docket entry 69.

On May 9, 2019, Secured Creditor filed a Notice of Payment Change reflecting an increase in escrow from the then current $301.41 per month to $353.08 per month effective June 1, 2019. The Escrow Analysis included was based in part on Homeowner's Insurance in the amount of $527.00.

On October 8, 2019, Debtors filed an Amended Plan, docket entry 73, which did not alter the treatment of the mortgage claim other than increasing the amount of the ongoing monthly payment to the amount identified in the Payment Change Notice filed on May 9, 2019. On November 4, 2019, the Court entered its Order Approving Post-Confirmation Modification of Plan, docket entry 80.

On May 8, 2020, Secured Creditor filed a Notice of Payment Change reflecting an increase in escrow from the then current $353.08 to $368.82 per month effective June 1, 2020. The Escrow Analysis included was based in part on Homeowner's Insurance in the amount of $535.00.

On September 8, 2020, Debtors filed an Amended Plan, docket entry 83 (the "Operative Plan"), which did not alter the treatment of the mortgage claim other than increasing the amount of the ongoing monthly payment to the amount identified in the Payment Change Notice filed

on May 8, 2020. On October 2, 2020, the Court entered its Order Approving Post-Confirmation Modification of Plan, docket entry 93.

On May 7, 2021, Secured Creditor filed a Notice of Payment Change reflecting an increase in escrow from the then current $368.82 to $478.38 per month effective June 1, 2021. The Escrow Analysis included was based in part on the Forced Placed Homeowner's Insurance policy in the amount of $1,734.00.

Debtors' Objection, at its core, acknowledges there is a current forced placed homeowner's insurance policy, but argues Debtors should not be liable for the increased cost associated therewith because BSI should have renewed the existing standard policy. BSI has reviewed this loan file in detail since the issue was first raised by Debtors' Counsel and maintains it did not receive Safeco's notice of renewal. Accepting Debtors' offered Exhibit 1 for purposes of this Response, the Notice from Safeco states it was sent to BSI, Isada / Atima at PO Box 961260, Ft Worth TX 76161 on or about October 11, 2020. A copy of that Renewal Notice was also sent to Debtors, as they acknowledge and provide that copy with their instant Objection.

## ARGUMENT

Pursuant to FRBP 3002.1(b), Secured Creditor is required to file and serve a notice of "any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due." As detailed above, Secured Creditor and its predecessor-in-interest have filed notices of payment changes annually, each of which reflected an increase in the escrow portion of the monthly mortgage payment and disclosed the amount paid for homeowners insurance on the Property. The Payment Change Notice to which Debtors object was filed on May 7, 2021 and gave notice of a change that became effective on June 1, 2021. The Payment Change Notice was filed 25 days prior to the effective date of the payment change and, therefore, was timely filed.

Pursuant to the Deed of Trust executed by Debtors, the Debtors are required to "keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards including within the term 'extended coverage,' and any other hazards…" *See* Claim 9-1, p. 15, Section 5. The Deed of Trust also states,

> If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument.

*Id*. (emphasis added). With respect to the payment of escrow items, the Deed of Trust requires the Debtors to pay the "premiums for any and all insurance required by Lender under Section 5" and states, "Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section." *Id*., p. 13-14, Section 3 (emphasis added). Finally, the Deed of Trust, states,

> If…Borrower fails to perform the covenants and agreements contained in this Security Instrument,..then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument…Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

*Id*., p. 17, Section 9.

As such, Debtors have a duty under the Deed of Trust to maintain insurance on the Property, pay for insurance coverage obtained by the lender, and promptly provide all notices of escrow amounts to be paid to the lender. In addition, the Plan and Amended Plans approved by this Court did not alter Debtors' obligations under the Note and Deed of Trust other than to permit Debtors to cure the arrears owed on the loan over the Plan term.

As noted above, BSI did not receive the notice of renewal of the insurance policy, which was attached to the Objection. However, Debtors did receive the notice of renewal and failed to

comply with the obligation to provide that notice to BSI in a prompt manner. Their failure to comply with their obligations resulted in the cancellation of the policy and placement of the more expensive, less comprehensive policy of which they now complain. Debtors have failed to establish any basis upon which to disallow the Payment Change Notice and the Court should deny the Objection.

## **CONCLUSION**

Based on the foregoing, Secured Creditor respectfully requests that the Objection to Payment Change Notice filed by the Debtors be denied. Secured Creditor reserves the right to supplement this Response.

WHEREFORE, Secured Creditor prays as follows:

1. That the Debtors' Objection Payment Change Notice be denied, and

2. For such other relief as this Court deems proper.

Dated: October 13, 2021                          GHIDOTTI BERGER, LLP


                                                 /s/ *Erica Loftis Pacheco*
                                                 Erica Loftis Pacheco, Esq.
                                                 Counsel for Secured Creditor

# CERTIFICATE OF SERVICE

On October 13, 2021, I served the foregoing documents described as **RESPONSE TO OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE** on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTORS:
Kurt G. VanDyke
Michelle E VanDyke
10128 16th Avenue S
Seattle, WA 98168

DEBTORS COUNSEL:
Rochelle Shuffield
Shuffield Bankruptcy Law
14900 Interurban Avenue S
Suite 287
Renton, WA 98168

TRUSTEE:
Jason Wilson-Aguilar
600 University St #1300
Seattle, WA 98101

US TRUSTEE
United States Trustee
700 Stewart St. Ste 5103
Seattle, WA 98101

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Ana Palacios
Ana Palacios

1
CERTIFICATE OF SERVICE